UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00530-MOC
(3:12-cr-00384-MOC-1)

| | |
|---|---|
| MAURICE STUCKEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255, and respondent's motion to dismiss. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On July 29, 2013, petitioner pleaded guilty pursuant to a written plea agreement to one count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(b)(1) and 2 (Count 1); and one count of the use or carry of a firearm during and in furtherance of a crime of violence (carjacking), in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 4). In exchange for petitioner's plea, respondent agreed to dismiss the remaining two counts in his superseding indictment.

On April 9, 2014, petitioner was sentenced by this Court to a term of 97-months' imprisonment on Count 1, and a consecutive term of 84-months' imprisonment on Count 4. On February 2, 2015, the Fourth Circuit granted respondent's motion to dismiss his appeal based on the appellate waiver in petitioner's plea agreement. United States v. Stuckey, No. 14-4744 (4th

1

2015).

On November 20, 2015, petitioner filed a timely § 2255 motion to vacate in which he raised claims of ineffective assistance of counsel and prosecutorial misconduct. (3:15-cv-00569-MOC). The § 2255 motion to vacate was dismissed as meritless, and on September 15, 2016, the Fourth Circuit dismissed his appeal. United States v. Stuckey, No. 16-6919 (4th Cir. 2016).

On July 22, 2016, the Fourth Circuit granted petitioner's motion for authorization to file a successive § 2255 motion to vacate, which motion was granted on July 22, 2016. In re: Maurice Stuckey, No. 16-9814 (4th Cir. 2016).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

In the present § 2255 motion to vacate, petitioner contends that he is entitled to relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional.[1] Specifically, petitioner

---

[1] On April 18, 2016, the Supreme Court filed an opinion in which they held that the ruling in Johnson applied retroactively to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016).

2

argues that his § 924(c)(1)(A) conviction that was charged in Count 4 should be vacated because the predicate offense of carjacking is no longer a "crime of violence." This argument is foreclosed by controlling Fourth Circuit precedent; therefore petitioner's claim for collateral relief must be denied. See United States v. Evans, ___ F.3d __, No. 16-4094, 2017 U.S. App. LEXIS 1859, 2017 WL 444747, at *1 (4th Cir. Feb. 2, 2017).

　　IV.　　CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's Motion to Vacate will be denied and dismissed.

**IT IS, THEREFORE, ORDERED** that respondent's Motion to Dismiss is **GRANTED**. (Doc. No. 4), and

**IT IS FURTHER ORDERED** that petitioner's Motion to Vacate is **DENIED** and **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: March 13, 2017

Max O. Cogburn Jr.
United States District Judge